*Decision will be entered under Rule 50.*

ESTATE OF ALBERT RAND, ALSO KNOWN AS ALBERT E. RAND, MORRIS FINK, KALMAN RAND, HENRY ROZEN AND RICHARD FREED, BY ITS ADMINISTRATRIX, BESSIE RAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58396.    Filed August 21, 1957.

*Benjamin L. Lasky, Esq.,* for the petitioner.
*A. Jesse Duke, Jr., Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge:* The question presented is whether the respondent correctly included certain assets, consisting of real estate, cash, stocks and bonds, and other property, totaling $204,148.69, in the gross estate of Albert Rand. There is no question raised as to the value.

Bessie Rand, the widow of Albert Rand and administratrix of his estate, contends that the accumulation of these assets resulted solely from her efforts and that, in fact, they belonged to her and should not be included in his gross estate. We agree with this contention.

The evidence consists primarily of the uncontradicted testimony of Bessie Rand, corroborated by various exhibits. Her testimony can be summarized as follows:

Ill health plagued Albert Rand for many years, limiting his activities. Following Albert and Bessie's marriage in 1920 he worked only part time as a chauffeur. For 6 years during a separation from Bessie he contributed nothing to her support and at the time of their reunion in 1929 he had no money of his own.

Prior to 1936 Bessie entered into two business ventures, both of which she had to sell because illness or pregnancy, coupled with Albert's inability to give substantial assistance, rendered her incapable of tending them.

On March 5, 1936, Bessie purchased a liquor store at 1029 Bedford Avenue, Brooklyn, New York, and has since been its sole and absolute owner. From 1936 until Albert's death the liquor store was Bessie's chief source of income. She supported their four children, paid Albert's medical bills, and took care of all household expenses.

From the time Bessie purchased the liquor store until his death in 1950 Albert neither worked regularly nor had any source of income. He tended the store at mealtimes and made up the bank deposits. To compensate for his feeling of inadequacy and lack of security, Bessie allowed him to handle the store finances. Albert deposited money in several bank accounts and in safe-deposit boxes maintained under his own or assumed names. He also had an account with Orvis Brothers & Company, stockbrokers. Bessie never de-

manded an exact accounting of the funds Albert had. When she needed money she would go with him to the bank and he would get it for her. Albert also consulted Bessie before making transactions in the stock account.

Title to two parcels of real estate, one at 1970 Ocean Avenue and the other at 1029 Bedford Avenue, was recorded in Albert's name. However, the purchase price and the expenses attendant to ownership and maintenance of the two properties were all paid by Bessie.

Other evidence tends to support Bessie's testimony. Three canceled checks dated April 27, June 15, and July 16, 1945, total to the figure attested by her to be the purchase price of the real property at 1029 Bedford Avenue. Eleven canceled checks written in favor of the Treasurer of the United States, stamped with the name of the Rand Liquor Store and signed by Bessie Rand, were stated by her to represent the consideration paid for various Government bonds purchased for her children. Two medical statements, one in 1935 and the other in 1950, indicate that Albert was in poor health. The stipulation of facts sets forth Bessie Rand as the sole owner of the Rand Liquor Store since March 5, 1936. On July 28, 1947, a power of attorney was executed, enabling Albert to carry on the affairs of the store during an illness suffered by Bessie. This action indicates that Albert was not ordinarily regarded as having authority to transact the business of the store and that special steps had to be undertaken to empower him to do so. A check written to Orvis Brothers, stockbrokers, and signed by Albert as attorney for Bessie Rand, supports Bessie's assertion that transactions he made in the stock account were approved by her.

The respondent introduced no evidence contradicting Bessie's testimony, and cross-examination served only to strengthen her case.

It is elementary that the burden of proof rests with the taxpayer. In this case the evidence is overwhelmingly in favor of the petitioner. To view it otherwise would be to disregard substantially all of the uncontradicted testimony. This we cannot do. Where, as here, the taxpayer presents credible, competent, and relevant evidence on every necessary element, the presumption in favor of the Commissioner's determination disappears and, absent any law questions, the outcome of the case depends upon the preponderating weight of the evidence.

The testimony of Bessie Rand is competent, relevant, and uncontradicted that the assets in question were in fact the proceeds of the Rand Liquor Store. It is stipulated that Bessie was the sole and absolute owner of the store. Bessie testified that she made no gifts to Albert, and there is no evidence that she did. Therefore, it must be concluded that she, and not Albert's estate, is the rightful owner of these assets and that they should not be included in Albert's gross estate.

*Decision will be entered under Rule 50.*